UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,
SIMA WEINTRAUB, derivatively on behalf of MOSDOS         : Docket No. 7:21-cv-01597-PMH
CHOFETZ CHAIM INC., DANIEL ROSENBLUM,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., :
JOSEPH GRUNWALD, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC., and YISROEL HOCHMAN,                 :
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,
                                                         :
                            Plaintiffs,
                                                         :
         - against-
                                                         :
MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM
INC., TBG RADIN LLC, SHEM OLAM LLC.,                     :
CONGREGATION RADIN DEVELOPMENT INC., ARYEH
ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS,                :
MENDEL ZAKS, GITTEL ZAKS LAYOSH, SAMUEL
MARKOWITZ and STERLING NATIONAL BANK,                    :

                            Defendants.                  :
------------------------------------------------------------X

## AFFIRMATION OF MICHAEL LEVINE, ESQ.

MICHAEL LEVINE, an attorney duly admitted to practice law in the United States District Court for the Southern District of New York, affirms the truth of the following, under the penalty of perjury:

1. I am counsel to Defendant Mosdos Chofetz Chaim Inc. ("Mosdos") in the within action and, as such, am fully familiar with all of the facts and circumstances as are hereinafter set forth.

2. This Affirmation is submitted in support of the motion by Defendants Mosdos Chofetz Chaim Inc. and Rabbi Aryeh Zaks (collectively, "Movants") for an Order dismissing the *pro se* appeal of Rabbi Mayer Zaks from an Order of the bankruptcy Court (Hon. Robert D. Drain) which partially granted *in limine* relief to Movants. As set forth below, and in the accompanying

Memorandum of Law, there is no appeal as of right from an *in limine* determination because the same is not a final order.[1] Additionally, even if the *pro se* Notice of Appeal is deemed a motion for leave to appeal, the same must be denied because the *in limine* order does not "involve a controlling question of law as to which there is substantial ground for difference of opinion and .... an immediate appeal from the order would not materially advance the ultimate termination of the litigation."

## THE PROCEDURAL HISTORY

3. On September 6, 2012, Mosdos filed a Chapter 11 Bankruptcy Petition under Case No. 12-23616-rdd (the "Mosdos Bankruptcy").

4. On July 17, 2019, Mosdos filed a Plan of Reorganization [DE-267]; on August 9, 2019, Mosdos filed an Amended Plan of Reorganization [DE-277]; and on August 16, 2019, Mosdos filed a Second Amended Plan of Reorganization [DE-283]. On October 2, 2019, this Bankruptcy Court approved the Debtor's Second Amended Plan of Reorganization (the "Approved Plan") by way of a confirmation order (the "Confirmation Order," DE-308). Paragraph 22 of the Confirmation Order authorized the sale of the Debtor's property to pay the Debtor's secured creditor.

5. On October 25, 2019, Mosdos, pursuant to the above-cited provisions of the Confirmed Plan and the Confirmation Order, sold the Property. The sale of the Property culminated Mosdos' Approved Plan and (as was contemplated by the Approved Plan and the Confirmation Order) resulted in the payment of all of Mosdos' creditors.

---

[1] Rabbi Mayer Zaks, a derivative Plaintiff in the underlying Adversary Proceeding, has no standing to prosecute an appeal *pro se*, however it is premature to raise that issue since this appeal cannot proceed in any event from an interlocutory order.

6. On November 8, 2019, a few days after Mosdos sold the Property to CRD and paid off its secured creditor at the closing, Rabbi Mayer Zaks commenced an action, purportedly in the name of Mosdos, against Mosdos and others in the New York Supreme Court, Rockland County, under Index No. 036069/2019. In December of 2019, Rabbi Mayer Zaks brought a contempt motion against Rabbi Aryeh Zaks in the Bankruptcy Court for allegedly violating the Bankruptcy Court's Confirmation order and, on January 15, 2020, he filed an amended complaint in the State Court Action seeking, *inter alia*, to set aside the transfer of the Debtor's Property (notwithstanding the Bankruptcy Court's prior Confirmation Order specifically authorized a sale of that Property).

7. Movants thereafter, on February 11, 2020, removed that action to the District Court, which referred the same to the Bankruptcy Court. Rabbi Mayer Zaks' subsequent motion for a remand or abstention was denied by the Bankruptcy Court. The Bankruptcy Court did, however, concluded that two distinct issues raised in the Adversary Proceeding Complaint required an evidentiary hearing: (i) whether attorney general approval was necessary prior to the consummation of the sale of the Mosdos Property, and (ii) whether the corporate governance of Mosdos stayed the same from the time of the Confirmation Order to the time of Sale of the Mosdos Property (the "Disputed Issues"). After being adjourned twice at the request of Rabbi Mayer Zaks, that hearing was eventually scheduled to take place in October of 2020.

8. However, before the Hearing could take place, Movants learned that, at the instruction of Rabbi Mayer Zaks, one of the Movant's offices had been twice broken into by Rabbi Mayer Zaks' son, who stole and destroyed electronic and hard-copy records that were relevant to the issue of Mosdos' corporate governance. Thus, in September of 2020, Movants filed an *in limine* motion in the Bankruptcy Court seeking, *inter alia*, to prohibit Rabbi Mayer Zaks (and, because he was acting in his derivative capacity, Plaintiffs) from "presenting any evidence regarding the

configuration of the Board of Trustees of Mosdos based upon … litigation misconduct comprised of theft of evidence and spoliation of evidence."

9. The Bankruptcy Court thereafter directed that a short period of discovery take place regarding the allegations in the *in limine* motion only and adjourned the Evidentiary Hearing on the underlying Disputed Issues until a determination of the *in limine* motion was made. That *in limine* motion discovery took place over the course of the next month or so and, at its conclusion, counsel for all of the parties[2] agreed that the deposition transcripts and videos and all exhibits would be submitted to the Bankruptcy Court in lieu of a live hearing and would constitute the entire record on the *in limine motion*. The Bankruptcy Court approved and adopted that procedure. Those materials were all thereafter submitted the Bankruptcy Court and the record was closed.

10. After reviewing that evidence for several weeks, the Bankruptcy Court conducted oral argument (in the nature of summations) on January 14, 2021. On January 21, 2021, the Bankruptcy Court issued a Bench ruling partially granting the *in limine* motion. A copy of the transcript of the same is annexed hereto and labeled Exhibit "1". On January 27, 2021, the Bankruptcy Court issued a formal Order consistent with the Bench Ruling. A copy of that Order is annexed hereto and labeled Exhibit "2".

11. On February 9, 2021, Rabbi Mayer Zaks filed a purported *pro se* notice of appeal [DE-106] to this Court; on February 10, 2021, he filed an amended Notice of Appeal [DE-107]; and on February 24, 2021, he filed designations [DE-116] and supplemental designations [DE-117] of the contents of the record on appeal. A copy of his Amended Notice of Appeal is annexed hereto and labeled Exhibit "3".

---

[2] Rabbi Mayer Zaks was, at that point, represented by multiple counsel, all of whom subsequently successfully moved to withdraw.

12. The Evidentiary Hearing on the Contested Issues is scheduled to take place on March 4, 2021. A letter motion for a stay of that Hearing was made on February 23, 2021 to the Bankruptcy Court by an attorney purporting to be representing Plaintiff Mosdos and was denied by the Bankruptcy Court on February 24, 2021. Another request for a stay was made by Rabbi Mayer Zaks and has not been ruled on by the Bankruptcy Court as of the time of the filing of this motion.

13. As set forth in the Accompanying Memorandum of Law, the instant appeal must be dismissed because an appeal from an *in limine* ruling is interlocutory and not appealable as of right. As is also established therein, even if the *pro se* Notice of Appeal is deemed a motion for leave to appeal, the same must be denied because the *in limine* order does not "involve a controlling question of law as to which there is substantial ground for difference of opinion and … an immediate appeal from the order would not materially advance the ultimate termination of the litigation."

_____
Michael Levine

Duly Affirmed this
28th day of February 2021.