Kevin J. Nash, Esq.
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY 10036
Telephone: (212) 221-5700
*Attorneys for Defendant Rabbi Aryeh Zaks*

Michael Levine, Esq.
LEVINE & ASSOCIATES, P.C.
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Attorneys for Defendant Mosdos Chofetz Chaim, Inc.,*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,
SIMA WEINTRAUB, derivatively on behalf of MOSDOS : Docket No. 7:21-cv-01597-PMH
CHOFETZ CHAIM INC., DANIEL ROSENBLUM,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC., :
JOSEPH GRUNWALD, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC., and YISROEL HOCHMAN, :
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,

:

Plaintiffs,

:

- against-

:

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM
INC., TBG RADIN LLC, SHEM OLAM LLC., :
CONGREGATION RADIN DEVELOPMENT INC., ARYEH
ZAKS, BEATRICE WALDMAN ZAKS, HENOCH ZAKS, :
MENDEL ZAKS, GITTEL ZAKS LAYOSH, SAMUEL
MARKOWITZ and STERLING NATIONAL BANK, :

Defendants. :
------------------------------------------------X

**DEFENDANTS MOSDOS CHOFETZ CHAIM INC.'S AND
RABBI ARYEH ZAKS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS THE APPEAL OF RABBI MAYER ZAKS
FROM THE INTERLOCUTORY ORDER OF THE BANKRUPTCY COURT
<u>PARTIALLY GRANTING IN LIMINE RELIEF</u>**

# TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Authorities | iii |
| Preliminary statement | 1 |
| Statement of Facts | 1 |
| ARGUMENT | |
| **POINT I** | |
| THE INSTANT APPEAL MUST BE DISMISSED BECAUSE THERE IS NO APPEAL AS OF RIGHT FROM AN INTERLOCUTORY ORDER PARTIALLY GRANTING *IN LIMINE* RELIEF | 1 |
| **POINT II** | |
| EVEN IF THE NOTICE OF APPEAL IS DEEMED A MOTION FOR LEAVE TO APPEAL, THE SAME MUST BE DENIED BECAUSE THE STANDARDS SET FORTH IN 28 U.S.C. § 1292(b) HAVE NOT BEEN MET | 3 |
| Conclusion | 5 |

# TABLE OF AUTHORITIES

Page

*Judicial Authorities*

*Adelphia Communs. Corp. v. Lucent Techs. Inc. (In re Adelphia Communs. Corp.)*,
No. 07-CV-9999, 2008 U.S. Dist. LEXIS 11304, 2008 WL 361082 (S.D.N.Y.
Feb. 11, 2008) ............ 3

*Arochem Corp. v. Arochem Corp.*, 198 B.R. 425 (D. Conn. 1996) ............ 4

*Casey v. Long Island R.R.*, 406 F.3d 142 (2d Cir. 2005) ............ 4

*Catlin v. United States*, 324 U.S. 229 (1945) ............ 2

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) ............ 2

*Coursen v. A.H. Robins Co.*, 764 F.2d 1329 (9th Cir.), corrected by 773 F.2d 1049
(9th Cir. 1985) ............ 2,3

*Enron Corp v. JP Morgan Sec., Inc. (In re Enron Corp.)*, No. M-47,
2008 U.S. Dist. LEXIS 7340, 2008 WL 281972 (S.D.N.Y. Jan. 25, 2008) ............ 3

*Gotlin v Lederman*, 2010 US Dist LEXIS 120618 (EDNY Nov. 9, 2010,
No. 04 CV 3736 [ILG]) ............ 3

*In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ............ 4

*In re IBI Sec. Serv., Inc.*, 174 B.R. 664 (E.D.N.Y. 1994) ............ 2

*In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69 (S.D.N.Y. 2007) ............ 4

*In re Prudential Lines, Inc.*, 59 F.3d 327 (2nd Cir. 1995) ............ 2

*In re Worldcom, Inc.*, 2003 U.S. Dist. LEXIS 11160, 2003 WL 21498904
(S.D.N.Y. Jun 30, 2003) ............ 3

*Luce v. United States*, 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984) ............ 2,3

*McKenzie-Gilyard v. HSBC Bank Nevada, N.A.*, No. 08-CV-160, 2008 U.S. Dist.
LEXIS 50262, 2008 WL 2622931 (E.D.N.Y. July 1, 2008) ............ 4

*McKenzie-Gilyard*, 2008 U.S. Dist. LEXIS 50262, 2008 WL 2622931 (E.D.N.Y. 2008) ............ 4

*North Fork Bank v. Abelson*, 207 B.R. 382, 387 (E.D.N.Y. 1997) ............ 4

*Palmieri v Defaria*, 88 F3d 136 (2d Cir 1996) ............ 3

*Sanchez v James Gainfort AIA Consulting Architects PC.*, 2020 US Dist LEXIS 10720
(EDNY Jan. 15, 2020, No. 19-CV-2124 [ENV]) ............ 2

*Legislative Authorities*

28 U.S.C. § 158(a) ............ 1
28 U.S.C. § 1292 ............ 4
Fed. R. Bankr. P. 8001 ............ 1

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the motion by Defendants Mosdos Chofetz Chaim Inc. and Rabbi Aryeh Zaks (collectively, "Movants") for an Order dismissing the *pro se* appeal of Rabbi Mayer Zaks from an Order of the bankruptcy court (Hon. Robert D. Drain) which partially granted *in limine* relief to Movants. As set forth below, there is no appeal as of right from an *in limine* determination because the same is not a "final order." Additionally, even if the *pro se* Notice of Appeal is deemed a motion for leave to appeal, the same must be denied because the *in limine* order does not involve a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order would not materially advance the ultimate termination of the litigation.

## STATEMENT OF FACTS

The facts relevant to the instant motion to dismiss the subject appeal are set forth in the accompanying Affirmation of Michael Levine, Esq., and the Court's attention is respectfully referred thereto at this time.

## ARGUMENT

### POINT I

### THE INSTANT APPEAL MUST BE DISMISSED BECAUSE THERE IS NO APPEAL AS OF RIGHT FROM AN INTERLOCUTORY ORDER PARTIALLY GRANTING *IN LIMINE* RELIEF

Only a "*final* judgment, order, or decree of a bankruptcy judge" may be appealed. 28 U.S.C. § 158(a), Fed. R. Bankr. P. 8001(a) (emphasis added). An order is "final" for appeal purposes when a decision has been entered that "ends the litigation on the merits and leaves nothing

for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978); *In re IBI Sec. Serv., Inc.*, 174 B.R. 664, 668 (E.D.N.Y. 1994). In bankruptcy proceedings, finality does not require that the *entire* case to be concluded; rather, due to the extended nature and large number of parties involved in a bankruptcy case, finality is applied to discrete disputes that arise within the larger case.[1] Most courts look at contested matters and adversary proceedings as "stand alone units of litigation" and determine whether the order appealed from disposes of *all* the claims of all the parties *in that proceeding*. *See In re Prudential Lines, Inc.*, 59 F.3d 327 (2nd Cir. 1995) [a final order "must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief"]; *Catlin v. United States*, 324 U.S. 229, 233 (1945) [A final order is one that "ends the litigation and leaves nothing for the court to do but execute the judgment."]. An interlocutory order, on the other hand, decides some intervening matter that requires some other action to enable the court to adjudicate the cause on the merits. 1 Lawrence P. King, Collier on Bankruptcy ¶ 5.07[1][a]. Here, the *in limine* order is clearly not final, even as to the discrete Adversary Proceeding in which it was brought, since the relief to be awarded in the underlying Adversary Proceeding has not yet been awarded and will not be awarded until the conclusion of the Hearing on the Contested Issues identified by the Bankruptcy Court.

Indeed, the Supreme Court determined almost forty years ago that an *in limine* evidentiary ruling does ***not*** constitute a final ruling. *Luce v. United States*, 469 U.S. 38, 41-42, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984). Consequently, an appeal from such an interlocutory order is barred. *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1342 (9th Cir.), corrected by 773 F.2d 1049 (9th Cir.

---

[1] While "a more flexible standard of finality has emerged in the context of bankruptcy proceedings," (*Prudential*, 59 F.3d at 331), "it is not malleable to a litigant's whim." *Sanchez v James Gainfort AIA Consulting Architects PC.*, 2020 US Dist LEXIS 10720, at *4 [EDNY Jan. 15, 2020, No. 19-CV-2124 (ENV)]).

1985). The rationale underlying this rule was stated in *Luce*, in which the Supreme Court held that "any possible harm flowing from a district court's *in limine* ruling ... is wholly speculative." *Luce*, 469 U.S. at 41-42; *see also Coursen*, 764 F.2d at 1342. The rule is a practical one. *Palmieri v Defaria*, 88 F3d 136, 139 (2d Cir 1996); see also, *Gotlin v Lederman*, 2010 US Dist LEXIS 120618, at *11-12 [EDNY Nov. 9, 2010, No. 04 CV 3736 (ILG)])

Here, no judgment has yet been entered in favor of Defendant Mosdos or Rabbi Aryeh Zaks. Thus, the Bankruptcy Court's Order granting partial *in limine* relief is *not* appealable as of right and the legally correct determination of it will be arguable on an appeal (if any) from the ultimate judgment entered in the Adversary Proceeding. The instant appeal must, therefore, be dismissed.

## POINT II

### EVEN IF THE NOTICE OF APPEAL IS DEEMED A MOTION FOR LEAVE TO APPEAL, THE SAME MUST BE DENIED BECAUSE THE STANDARDS SET FORTH IN 28 U.S.C. § 1292(b) HAVE NOT BEEN MET

To the extent that Rabbi Mayer Zaks' Motion can be viewed as a motion for leave to appeal, the same must, nonetheless, be denied. As an initial matter, interlocutory appeals are "strongly disfavored in federal practice." *Adelphia Communs. Corp. v. Lucent Techs. Inc. (In re Adelphia Communs. Corp.)*, No. 07-CV-9999, 2008 U.S. Dist. LEXIS 11304, 2008 WL 361082, at *1 (S.D.N.Y. Feb. 11, 2008). Indeed, a movant making a motion for leave to appeal an interlocutory order has a heavy substantive "burden of showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment." *Enron Corp v. JP Morgan Sec., Inc. (In re Enron Corp.)*, No. M-47, 2008 U.S. Dist. LEXIS 7340, 2008 WL 281972, at *3 (S.D.N.Y. Jan. 25, 2008) (quoting *In re Worldcom, Inc.*, 2003 U.S. Dist. LEXIS

3

11160, 2003 WL 21498904, at *10 [S.D.N.Y. Jun 30, 2003]); *McKenzie-Gilyard v. HSBC Bank Nevada, N.A.*, No. 08-CV-160, 2008 U.S. Dist. LEXIS 50262, 2008 WL 2622931, at *2 (E.D.N.Y. July 1, 2008); and *see generally In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

In determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the district courts typically apply the standard set forth in 28 U.S.C. § 1292(b), which is the standard used by the court of appeals to determine whether to entertain interlocutory appeals from the district court (*cf. North Fork Bank v. Abelson*, 207 B.R. 382, 387 [E.D.N.Y. 1997] ["district courts have adopted the standard set forth in 28 U.S.C. § 1292(b), which dictates the circumstances under which the court of appeals may accept interlocutory appeals from district courts"]; *Arochem Corp. v. Arochem Corp.*, 198 B.R. 425, 427 [D. Conn. 1996]). Section 1292(b) permits appeal of interlocutory orders only where the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Thus, in order for an interlocutory appeal from the bankruptcy court to present an appropriate issue for a district court's consideration, "(a) the appeal must concern a question 'of law,' (b) that question must be one that is 'controlling,' and (c) that controlling question of law must be one 'as to which there is substantial ground for difference of opinion.'" *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005) [explaining elements of § 1292(b)].

Here, the bankruptcy court's *in limine* Order was *not* a final decision in the underlying Adversary Proceeding, nor did it involve "'pure question[s] of law' that [a District] Court can 'decide quickly and cleanly without having to study the record.'" *McKenzie-Gilyard*, 2008 U.S. Dist. LEXIS 50262, 2008 WL 2622931, at *3 (E.D.N.Y. 2008) (quoting *In re Perry H. Koplik & Sons, Inc.*, 377 B.R. 69, 74 [S.D.N.Y. 2007]). It was simply a series of factual conclusions drawn

4

by the bankruptcy court from an evidentiary hearing in which the Bankruptcy Court assessed the evidence and, particularly, the credibility of the witnesses who testified, and applied the well-accepted law to the same. For this Court to review those factual and credibility determinations at this point would require this Court to watch literally hours upon hours of video deposition testimony, review dozens of exhibits, and review the oral argument transcript, *at a minimum*. Rather than result in "materially advance[ing] the ultimate termination of the litigation," such a review will bring the litigation to a screeching halt, likely for months. Leave to appeal from an interlocutory *in limine* order is simply unwarranted under those circumstances.

## CONCLUSION

For the reasons set forth above, and in the accompanying Affirmation of Michael Levine, Esq., the instant appeal should be dismissed.

Dated: February 28, 2021

**Levine & Associates, P.C.**

By: s/Michael Levine
      Michael Levine

15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-4288
Facsimile (914) 725-4778
e-mail: ml@LevLaw.org
*Attorneys for Defendant Mosdos*

**Goldberg Weprin Finkel Goldstein LLP**

By: s/Kevin J. Nash
      Kevin J. Nash
1501 Broadway, 22nd Floor
New York, NY 10036
Telephone: (212) 221-5700
*Attorneys for Defendant Rabbi Aryeh Zaks*